## In re BROFFORD.

[Cite as *In re Brofford* (1992), 83 Ohio App.3d 869.]

Court of Appeals of Ohio,
Franklin County.

Nos. 92AP–165, 92AP–166.

Decided Nov. 24, 1992.

*Anne C. O'Leary,* for appellee Franklin County Children Services.

*Mark A. Serrott Co., L.P.A.,* and *Mark A. Serrott,* for appellant Danny Brofford.

*Raymond F. Grove,* for appellant Jeannie Brofford.

*Philip T. Churchill,* Franklin County Public Defender, and *David L. Strait,* Assistant Public Defender, for guardian *ad litem* for children.

*Suzanne M. Stasiewicz,* for parents.

McCORMAC, Judge.

Appellants, Danny and Jeannie Brofford, appeal the judgments of the Franklin County Court of Common Pleas, Division of Domestic Relations, Juvenile Branch, awarding permanent custody of their minor children, Peggy, Danny and Robbie, to Franklin County Children Services ("FCCS").

In 1987, the trial court found Danny and Robbie to be dependent children. Later that year, the court found Peggy to be an abused child, as defined by R.C. 2151.031. In each case, temporary custody was granted to FCCS pursuant to R.C. 2151.353.

In December 1990, the FCCS filed for permanent custody of all three children pursuant to R.C. 2151.413. A series of hearings was held before a referee, who found that the proceedings were dispositional and recommended that permanent custody be granted to FCCS based on the best interest of the children. The trial court overruled appellants' objections to the referee's report after holding a hearing on the matter and granted the recommended judgments. Appellants appeal, asserting the following assignments of error:

"Assignment of Error No. I

"The trial court erred in ruling that a motion for permanent custody is a dispositional proceeding where the Rules of Evidence do not apply.

"A. Ohio Juvenile Rule 2(1) specifically provides that a motion for permanent custody is an adjudicatory hearing not a dispositional hearing.

"B. Given the nature of the private interest involved in a permanent custody proceeding, constitutional due process of law mandates that procedural safeguards, such as the Rules of Evidence, apply to such proceedings.

"Assignment of Error No. II

"The trial court erred in permitting hearsay testimony concerning statements made by the minor children as to alleged sexual abuse under the standards set forth in *State v. Boston* (1989), 46 Ohio St.3d 108 [545 N.E.2d 1220].

"Assignment of Error No. III

"The ruling of the trial court granting the motion for permanent custody is against the manifest weight of the evidence."

In their first assignment of error, appellants assert that the trial court erred in conducting the permanent commitment hearing as dispositional rather than adjudicatory. We agree.

Juv.R. 2(1) defines "adjudicatory hearings" to include hearings to determine if temporary custody should be converted to permanent custody. Although R.C. 2151.35 provides that permanent custody (and, in particular, a finding that permanent custody is in the child's best interest) is to be determined at a dispositional hearing, Juv.R. 2(1)'s requirement that determination of permanent custody be conducted in an adjudicatory hearing is controlling. Section 5(B), Article IV, Ohio Constitution gives the Supreme Court power to "prescribe rules governing practice and procedure in all courts of the state." The Ohio Juvenile Rules were prescribed by the Ohio Supreme Court and, by virtue of Section 5(B), Article IV, Ohio Constitution, control over inconsistent statutes purporting to govern procedural matters. *In re Vickers Children* (1983), 14 Ohio App.3d 201, 204, 14 OBR 228, 231–232, 470 N.E.2d 438, 442–443. Section 5(B), Article IV, Ohio Constitution specifically states that "[a]ll laws in conflict with [Supreme Court] rules shall be of no further force or effect after [Supreme Court] rules have taken effect." To hold otherwise "would gut Section 5(B), Article IV, of its essential purpose, that of constitutionally granting rule-making power to the Supreme Court." *Vickers*, at 204, 14 OBR at 231–232, 470 N.E.2d at 442–443.

There is only one limit on the Ohio Supreme Court's rule-making authority under Section 5(B), Article IV, Ohio Constitution. The Ohio Constitution specifically requires that the Supreme Court's "rules shall not abridge, enlarge, or modify any substantive right." Both R.C. 2151.414(B) and the United States Supreme Court in *Santosky v. Kramer* (1982), 455 U.S. 745, 102 S.Ct. 1388, 71 L.Ed.2d 599, require that the clear and convincing evidence standard be met before granting permanent custody and terminating parental rights. The standard is designed to protect the substantive rights involved. The requirement of Juv.R. 2(1) that an adjudicatory hearing be conducted when determining whether to convert temporary custody into permanent custody recognizes the importance of the fundamental rights involved. An adjudicatory hearing effectively upholds the integrity of the clear and convincing evidentiary standard, for it is well settled that the Ohio Rules of Evidence must be strictly adhered to in adjudicatory proceedings. *In re Baby Girl Baxter* (1985), 17 Ohio St.3d 229, 233, 17 OBR 469, 471–472, 479 N.E.2d 257, 260–261; *In re Sims* (1983), 13 Ohio App.3d 37, 13 OBR 40, 468 N.E.2d 111; *Vickers*, at 206, 14 OBR at 233–234, 470 N.E.2d at 444–445. Hearsay is not admissible in adjudicatory proceedings unless an exception is applicable. The importance of this requirement was noted in *In re Cox* (July 18, 1986), Highland App. No. 614, unreported, 1986 WL 7900. "[E]xcessive reliance by the court on hearsay evidence may lead to a determination on appeal that the agency failed to meet its burden of showing by clear and convincing evidence that permanent termination was justified." 2 Anderson's Ohio Family Law, Post-Dispositional Rights & Remedies (2 Ed.1989) 355, Section 21.19.

■ The requirement of Juv.R. 2(1) that a proceeding under R.C. 2151.414 be conducted as an adjudicatory hearing necessarily implies one hearing. *Baxter's* requirement of bifurcation is not applicable here. *In re Foust* (1989), 57 Ohio App.3d 149, 152, 567 N.E.2d 1042, 1045–1046. The Ohio Supreme Court, in *Baxter*, held that bifurcation is required where permanent custody is sought under R.C. 2151.353(A)(4). Bifurcation is, therefore, required where permanent custody is sought at the initial disposition.

■ Although Juv.R. 29(F)(2) has been read to require bifurcation (see *Baxter*, 17 Ohio St.3d at 233, 17 OBR at 471–472, 479 N.E.2d at 260–261), Juv.R. 2(1) makes bifurcation unnecessary in cases proceeding under R.C. 2151.414. Under R.C. 2151.414, the only "dispositional" option available is the determination to grant or deny the motion for permanent custody. In noting this, several courts have held that bifurcation is not required. *In re Hughes* (Feb. 1, 1990), Logan App. No. 8–89–23, unreported, 1990 WL 7970; *In re Hattery* (Aug. 28, 1986), Marion App. No. 9–85–11, unreported, 1986 WL 9657; *In re Jones* (1985), 29 Ohio App.3d 176, 29 OBR 206, 504 N.E.2d 719. The determination to grant the motion requires a showing, by clear and convincing evidence, both that permanent commitment is in the best interest of the child and that the child cannot be placed with the parents within a reasonable time, or should not be placed with the parents. This finding leaves nothing to determine at disposition. As Juv.R. 2(1) provides, adjudicatory hearings include the determination of whether to grant the motion for permanent custody.

For the foregoing reasons, the permanent commitment hearing under R.C. 2151.414 is adjudicatory and appellants' first assignment of error is sustained.

■ Appellants allege in their second assignment of error that the trial court erred in permitting hearsay testimony concerning statements made by the children to the caseworker and psychologist regarding sexual abuse.

As noted earlier, hearsay is inadmissible in an adjudicatory proceeding, ordinarily to the same extent that it is inadmissible in other adversary proceedings. The legislature, however, created an exception for hearsay statements of a child in "cases regarding abused, neglected or dependent children" in R.C. 2151.35(F). This exception is in addition to the exclusions provided in Evid.R. 801, 803, 804 and 807, and that created in *State v. Boston* (1989), 46 Ohio St.3d 108, 545 N.E.2d 1220, as modified in *State v. Dever* (1992), 64 Ohio St.3d 401, 596 N.E.2d 436. R.C. 2151.35 is incorporated by reference in R.C. 2151.414; therefore, the hearsay exception provided in R.C. 2151.35(F) is specifically made applicable to proceedings for permanent custody under R.C. 2151.414. Failure to follow the procedures outlined in R.C. 2151.35(F) constitutes prejudicial error absent a

showing that another "firmly rooted" hearsay exception exists. *In re Coy* (Feb. 21, 1992), Lucas App. No. L–90–393, unreported, 1992 WL 32061.

Both the psychologist and caseworker testified as to specific statements made by each of the three children regarding sexual and other abusive acts of the parents. This testimony included allegations by Peggy and Danny that their father performed sexual acts upon them and that sexual activity between the parents was performed in the presence of Danny and Robbie. Testimony also included statements by Danny and Robbie alleging that their father urinated on each of their stomachs, in the sink and in the dog's mouth. Robbie had also commented to a psychologist that he observed sexual activity between his mother and their dog.

The above testimony was given consideration in arriving at the decision to grant permanent custody. This court acknowledges the care the referee and the trial court took in admitting hearsay testimony despite the fact that this proceeding was conducted as dispositional. Proceedings under R.C. 2151.414 are adjudicatory, and we are unable to find that the hearsay statements fit within the exceptions created in *Boston* or the applicable evidentiary rules.

It is noted at the outset that Evid.R. 807 came into effect July 1, 1991, after completion of this proceeding. Thus, it was not considered by the trial court, although it may be applicable on remand if all of its requirements are fulfilled. It is further noted that Evid.R. 803(4) is not applicable because the childrens' statements were not made to medical personnel and, therefore, were not made for purposes of medical treatment or diagnosis. *State v. Eastham* (1988), 39 Ohio St.3d 307, 312, 530 N.E.2d 409, 413; *Boston*, 46 Ohio St.3d at 121, 545 N.E.2d at 1233–1234. Attempts were made to admit the testimony as an admission by a party-opponent under Evid.R. 801(D)(2) or as an excited utterance under Evid.R. 803(2). These exceptions are inapplicable because the statements were not asserted against the parties admitting them and because the requisite foundation was not met to satisfy the excited utterance exception. Consequently, these evidence rules are not applicable.

In *Boston*, 46 Ohio St.3d at 127, 545 N.E.2d at 1238–1239, the Ohio Supreme Court established, pursuant to its inherent powers, a new hearsay exception for child abuse cases. This new exception admits into evidence out-of-court statements for allegedly abused children of tender years, even though the statements were not made to medical personnel as required under Evid.R. 803(4). It is further required that the out-of-court statement be made to a qualified expert in abuse, who must have independent evidence of physical or emotional abuse of the child. There must be no apparent motive for fabricating the statement, and the child must be found unavailable after a good faith effort to produce the child in court. *Id.* Although the record supports the requirements

of independent evidence, which consisted of testing, and no evidence of improper motive, the children cannot be found "unavailable" as there was no evidence of any attempt to produce them at trial. The exception created in *Boston* is, therefore, inapplicable. (Parenthetically, Evid.R. 807 would appear to replace the criteria set forth in *Boston* and should now be the standard for that kind of hearsay exception.)

■ There being no hearsay exception applicable at the time of the hearing, the children's out-of-court statements could only have been admitted upon satisfaction of the requirements set forth in R.C. 2151.35(F). This provision reads as follows:

"In cases regarding abused, neglected, or dependent children, the court may admit any statement of a child that the court determines to be excluded by the hearsay rule if the proponent of the statement informs the adverse party of his intention to offer the statement and of the particulars of the statement, including the name of the declarant, sufficiently in advance of the hearing to provide the party with a fair opportunity to prepare to challenge, respond to, or defend against the statement, and the court determines all of the following:

"(1) The statement has circumstantial guarantees of trustworthiness;

"(2) The statement is offered as evidence of a material fact;

"(3) The statement is more probative on the point for which it is offered than any other evidence that the proponent can procure through reasonable efforts;

"(4) The general purposes of the evidence rules and the interests of justice will best be served by the admission of the statement into evidence."

There is no showing in the record that the trial court considered the factors set forth in R.C. 2151.35(F), or that, if considered or applicable, the requirements were fulfilled. Availability of the child to testify is also a factor in this statute (see R.C. 2151.35[G] ). Admission of out-of-court statements, otherwise excluded by the hearsay rule, constitutes prejudicial error absent a showing of compliance with the requirements of R.C. 2151.35(F). *In re Coy, supra.* On remand, however, the court should be guided by the provisions of Evid.R. 807 if appellee seeks to introduce hearsay statements made by the children.

Appellants' second assignment of error is sustained.

In their third assignment of error, appellants allege that the grant of permanent custody was against the manifest weight of the evidence.

■ In determining whether it is against the manifest weight of the evidence, the reviewing court is guided by the presumption that the findings of the trial court were correct. *Seasons Coal Co. v. Cleveland* (1984), 10 Ohio St.3d 77, 80, 10 OBR 408, 410–411, 461 N.E.2d 1273, 1276. Judgment supported by some

competent, credible evidence going to all the essential elements will not be reversed as against the manifest weight of the evidence. *C.E. Morris Co. v. Foley Constr. Co.* (1978), 54 Ohio St.2d 279, 8 O.O.3d 261, 376 N.E.2d 578.

 The court may grant permanent custody under R.C. 2151.414(B) if the court determines by clear and convincing evidence that it is in the best interest of the children to grant permanent custody, and if the children cannot be placed with either parent within a reasonable time, or should not be placed with their parents. R.C. 2151.414(D) provides that:

"In determining the best interest of a child * * * the court shall consider all relevant factors, including, but not limited to, the following:

"(1) The reasonable probability of the child being adopted, whether an adoptive placement would positively benefit the child, and whether a grant of permanent custody would facilitate an adoption;

"(2) The interaction and interrelationship of the child with his parents, siblings, relatives, foster parents and out-of-home providers, and any other person who may significantly affect the child;

"(3) The wishes of the child, as expressed directly by the child or through his guardian ad litem, with due regard for the maturity of the child;

"(4) The custodial history of the child;

"(5) The child's need for a legally secure permanent placement and whether that type of placement can be achieved without a grant of permanent custody to the agency."

In determining whether a child cannot be placed with either parent within a reasonable period of time or should not be, R.C. 2151.414(E) requires the court to consider all relevant evidence. R.C. 2151.414(E) further states that the court shall enter a finding that the child cannot be placed with either parent within the reasonable time or should not be if one or more of the provisions of R.C. 2151.414(E)(1) through (8) are found by clear and convincing evidence.

 A review of the record reveals that sufficient evidence was presented to support a finding that permanent commitment is in the best interest of all of the children. The caseworker's testimony supports a finding of adoptability for each child. There is also evidence that the interaction and interrelationships between each child and the parents and relatives were not healthy. It has already been established that an uncle had beaten Peggy. Dr. Blubaugh performed individual psychological examinations on each of the children and testified that the results were consistent with those of children who were sexually abused. The tests administered were widely accepted in the psychological community. The children's wishes were expressed in letters to the judge, stating

that they did not wish to come home. The children's wishes and interrelationships with their parents were apparent from their reaction to questioning by the psychologist. The doctor noted how the children became uncomfortable and withdrawn, sometimes curling up into a fetal position when asked about their parents. The children have been in the custody of FCCS for approximately four years. Both psychologist and caseworker testified that all three children are in need of a legally secure permanent placement.

The record also supports the finding that the children cannot be placed with either parent within a reasonable time and that they should not be. The parents failed to complete counseling, which was a requirement in the case plan. Noncompliance with the case plan is a ground for termination of parental rights. See *In re Holbert* (Mar. 6, 1984), Franklin App. No. 83AP–704, unreported, 1984 WL 4660; *In re Butcher* (Apr. 10, 1991), Athens App. No. 1470, unreported, 1991 WL 62145; *In re Spurlock Children* (Jan. 27, 1992), Butler App. No. CA90–01–013, unreported, 1992 WL 12778. Furthermore, the children manifested significant behavior problems, including sexual acting out, which the psychologist stated was indicative of abused children. Additionally, the hearsay statements of the children, while inadmissible as presented, may be considered in determining manifest weight since, on remand, the testimony may be properly presented.

There was sufficient evidence to support all of the essential elements required by R.C. 2151.414, and the trial court's ruling was not against the manifest weight of the evidence. However, the inadmissible hearsay statements of the children were so inflammatory that we cannot find the error to be harmless. The weighing of the testimony may have been different without this evidence.

Appellants' first and second assignments of error are sustained, and appellants' third assignment of error is overruled. The judgments of the trial court are reversed and the causes are remanded to the trial court for further procedure consistent with this opinion.

*Judgments reversed*
*and causes remanded.*

TYACK and DESHLER, JJ., concur.