OPINION
Appellant Donna Turner appeals the May 23, 1997 Judgment Entry of the Stark County Court of Common Pleas, Family Court Division, which awarded permanent custody of her two sons, Steven Witts and Michael Turner, to appellee Stark County Department of Human Services.
 STATEMENT OF THE CASE
On September 17, 1996, appellee filed a complaint for permanent custody of Steven Witts (DOB 11/7/90) and Michael Turner (DOB 6/5/93). Therein, appellee alleged the children were neglected and abused. Appellant is the natural mother of the children.[1]
At a shelter care hearing, probable cause was found to keep the children in the custody of appellee.
On October 30, 1997, an evidentiary hearing was held. Following the hearing, the trial court found both children to be neglected. On December 2, 1996, a permanent custody hearing was held. The best interest portion of the case was heard on December 6, 1996. On May 23, 1997, the trial court filed written findings of fact and conclusions of law and filed its Judgment Entry granting permanent custody of the children to appellee. It is from that entry appellant prosecutes this appeal assigning as error:
 THE RULING OF THE TRIAL COURT GRANTING PERMANENT CUSTODY WAS AGAINST THE MANIFEST WEIGHT AND SUFFICIENCY OF THE EVIDENCE.
A rendition of the pertinent facts will be contained within our discussion of appellant's assignment of error.
We begin by stating the applicable standard of review in the case sub judice. Judgments supported by some competent, credible evidence going to all the essential elements will not be reversed as against the manifest weight of the evidence. Seasons Coal Co.v. Cleveland (1984), 10 Ohio St.3d 77, and In re: Brofford (1992),83 Ohio App.3d 869.
In her argument, appellant relates that she completed her Goodwill parenting classes and made strides in her counseling with Dr. Richard Chenevay. Appellant specifically notes that Dr. Chenevay concluded she could be a good mother; has the ability to parent; and, during the first sessions with the children, she was doing much better in terms of positive activities with the boys. Appellant argues the testimony did not show by clear and convincing evidence that the children could not or should not be placed with her within a reasonable time or that a grant of permanent custody to appellee was in the best interests of the children.
Appellee responds by noting (among other things) the evidence concerning appellant's past history with appellee regarding claims of physical abuse of the children (some at the hands of appellant's husband, Denver Turner) dating back to 1992; testimony from several people who overheard appellant screaming at the children; appellant's admission that she was unable to control the children; evidence that Steven had bruises on his pelvic area on September 13, 1996; evidence the children exhibited severe violent acting out behavior during appellant's visits; evidence appellant missed some of her appointments with her counselor, Dr. Chenevay; evidence that appellant had some type of processing problem or learning disability; evidence that appellant had problems with decision making, coping, anger management, and an inability to protect the children.
Dr. Chenevay testified that although appellant had made strides in accepting responsibility for her own anger and had improved her positive interaction with the children, she had a tendency to be controlling and punitive, and focused primarily on the negative in regards to the children.
Janice Fein, a family services worker for appellee, testified during her observations of appellant's visit with the children, appellant was negative towards them, pulling and yelling at them, and both boys requested to leave prior to the end of the visit. Ms. Fein testified the children are adoptable and their current foster parents would be interested in adopting them.
Upon our review of the entire record including the evidence noted supra, we find the trial court's decision to grant appellee permanent custody was not against the manifest weight of the evidence. Accordingly, we overrule appellant's assignment of error.
The judgment of the Stark County Court of Common Pleas, Family Court Division, is affirmed.
By: Hoffman, J., Gwin, P.J. and Wise, J. concur.
 JUDGMENT ENTRY
CASE NO. 1997CA0173
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Stark County Court of Common Pleas, Family Court Division, is affirmed. Costs assessed to appellant.
[1] The natural fathers of the children are not parties to this appeal.