OPINION
Appellant Kabaka Williams, the natural father of Tiarjanae Hines, a minor child, appeals a judgment of the Court of Common Pleas, Juvenile Division, of Stark County, Ohio, which terminated his parental rights in his minor daughter and granted permanent custody to the Department of Human Services. Appellant assigns a single error to the trial court:
 ASSIGNMENT OF ERROR
THE MANIFEST WEIGHT OF THE EVIDENCE DID NOT SUPPORT A FINDING THAT PERMANENT CUSTODY SHOULD BE GRANTED TO THE DEPARTMENT OF HUMAN SERVICES.
The record indicates appellee DHS became involved with Tiarjanae because her mother, who is not a party to this appeal, tested positive for cocaine when she gave birth to Tiarjanae. DHS set out a Comprehensive Reunification Plan which required appellant to establish paternity of the child, attend Goodwill Parenting classes, and participate in the Intercede Program, a program directed towards preventing domestic violence. The case plan also required the father to attend Melymbrosia, to be evaluated for potential sexual abuse. The trial court found appellant had failed to reach any of the objectives contained in this case plan. Although appellant had established legal paternity, he had not attended Goodwill Parenting classes. Appellant had not visited Tiarjanae. The court found there were on-going domestic violence concerns, because appellant had been arrested in July of 1998, during the period of the Comprehensive Reunification Plan, for domestic violence and felonious assault. The trial court found Tiarjanae, then three years old, had been in the custody of DHS since birth, and had no physical, mental, or emotional problems. Tiarjanae has developed mentally on target, and is adoptable. The trial court found Tiarjanae had no contact with either parent for some time, and had not bonded with them or any sibling. The court noted no relatives had come forward to take placement of Tiarjanae. The trial court quoted the Guardian Ad Litem's written report, which asserted the foster mother in this case in the only parent Tiarjanae has ever known. Pursuant to R.C. 2151.414, a trial court may grant permanent custody of the child to DHS if the court determines by clear and convincing evidence it is in the best interest of the child to grant permanent custody to the agency, and the child is orphaned, abandoned, or cannot be placed with either of his parents within a reasonable time, or should not be placed with his parents. The statute also outlines factors the court considers in determining the best interest of the child. The court must consider the reasonable probability the child could be adopted, and whether an adoption could positively benefit the child. The court must consider the interaction and relationship of the child with the parents, siblings, relatives, foster parents, and significant others. The court must consider the wishes of the child, the custodial history of the child, and whether the child's need for a legally secure placement can be achieved without granting permanent custody to the agency, see R.C. 2151.414 (D). Finally, R.C. 2151.414 (E) sets forth the factors the court reviewed in determining whether the child cannot or should not be placed with his parents within a reasonable time. In its judgment entry of January 14, 1999, the trial court listed the factors in the statute, and then specifically found appellant had demonstrated a lack of commitment towards Tiarjanae in failing to regularly support, visit, or communicate with the child when able to do so. The trial court found appellant's actions showed an unwillingness to provide an adequate permanent home for the child. Appellant correctly points out in determining whether a grant of permanent custody is against the manifest weight and sufficiency of the evidence, the reviewing court must presume the findings of the trial court were correct, see In Re: Brofford (1992),83 Ohio App.3d 869; Seasons Coal Company v. Cleveland (1984),10 Ohio St.3d 77. If the record contains competent credible evidence going to all the essential elements of the case, this court may not reverse the judgment as being against the manifest weight of the evidence. Appellant cites us to In Re: William S. (1996), 75 Ohio St.3d 95, wherein the Ohio Supreme Court directed that our judicial reaction should be no greater than warranted and judicial response should be the least intrusive possible in cases involving the termination of parental rights. Appellant points out there was a no-contact order against him which prohibited him from seeing the minor child, and thus, his failure to visit should not be held against him. While the appellant's point is well taken, nevertheless, the record supports the trial court's judgment. Failure to visit was not the only basis for the trial court's decision. The evidence clearly established appellant did not comply with all the aspects of his case plan, and the record supports the trial court's conclusion appellant's actions demonstrated a lack of commitment towards the Tiarjanae. Our review of the record leads us to conclude the trial court's judgment is support by the manifest weight of the evidence, and is not contrary to Ohio law. The assignment of error is overruled.
For the foregoing reasons, the judgment of the Court of Common Pleas, Juvenile Division, of Stark County, Ohio, is affirmed.
By Gwin, P.J., Farmer, J., and Reader, V. J., concur