DECISION
Appellant, Stella Coffman, appeals from a judgment of the Franklin County Court of Common Pleas, Division of Domestic Relations, Juvenile Branch, awarding permanent custody of her son, Cameron Hugley, to Franklin County Children Services ("FCCS").
On September 14, 1994, Anna Coffman, maternal grandmother, filed a complaint alleging neglect and dependency of Cameron (born: 4/11/91), and his three siblings not subject of this appeal, Laquan (born: 2/2/84), Lanita (born: 12/24/84), and Diontae (born: 4/4/87). The complaint alleged appellant left the children in the care of a neighbor who in turn left the children alone, appellant's home was roach infested and had very little food, and appellant was incarcerated, admitting to a crack cocaine addiction. The court temporarily placed the children with FCCS on September 16, 1994. On November 28, 1994, the court found the children to be dependant minors, on December 16, 1994, granted temporary custody to FCCS, and on November 7, 1995, awarded legal custody of the children to Anna Coffman.
After Anna was arrested for endangering children, appellant filed a motion on October 7, 1996, requesting custody. The trial court temporarily placed the children with FCCS; after a hearing, the court terminated legal custody previously granted to Anna Coffman, and temporarily committed the children to the temporary custody of FCCS. While the court subsequently awarded custody of Diontae to his paternal grandmother, Minnie Harris, Cameron and his other siblings remained in the temporary custody of FCCS.
On March 3, 1998, after seeing inadequate compliance with the case plan designed to unite appellant with her children, FCCS filed the first of several motions seeking permanent custody of Laquan, Lanita, and Cameron. While FCCS subsequently withdrew its motion for permanent custody of Laquan and Lanita, it maintained its motion with regard to Cameron.
At a hearing on the permanent custody motion held on October 7, 1998, appellant was present and represented by an attorney. As a result of the hearing, the court approved the case plan for Laquan and Lanita and continued the permanent custody hearing of Cameron to November 30, 1998. On November 30, the hearing was again continued to February 9, 1999, due to the guardian ad litem's being in trial before another judge of the court. Appellant's attorney signed the continuance, but the record does not reflect appellant's presence.
Appellant again was not present at the February 9, 1999 hearing on FCCS' motion for permanent custody, but her attorney was present to represent her interests. As a result of the hearing, the magistrate determined FCCS' motion should be granted. On February 16, 1999, the trial court permanently committed Cameron to the custody of FCCS.
In the interim, on February 12, 1999, appellant filed a Motion to Vacate the Recommendation of the Magistrate, and on March 5, 1999, she filed a motion for a new trial. Both were premised on her contention that (1) she was denied a hearing on the motion because of her absence and, (2) a retrial was needed. After a May 24, 1999 hearing, the magistrate determined the motion for a new trial should be overruled, and the court adopted the magistrate's decision on June 3, 1999. Appellant, however, filed an objection to the magistrate's decision on May 28, 1999. The trial court overruled appellant's objection, and appellant appeals, assigning the following errors:
ASSIGNMENT OF ERROR NUMBER 1:
 THE EVIDENCE SUBMITTED BY FRANKLIN COUNTY CHILDREN'S SERVICES, HEREINAFTER KNOWN AS FCCS, DID NOT PROVE BY CLEAR AND CONVINCING EVIDENCE, THAT SUSTAINING THE FCCS MOTION AND ULTIMATE ADOPTION OF CAMERON, WAS IN THE BEST INTEREST OF THE CHILD.
 ASSIGNMENT OF ERROR NUMBER 2:
 MOTHER WAS DENIED DUE PROCESS BY THE COURT'S FAILURE TO EITHER REOPEN OR RESCHEDULE THE TRIAL WITH THE MOTHER BEING PRESENT AND TO BE ALLOWED TO TESTIFY ON HER OWN BEHALF.
Appellant's first assignment of error contends FCCS did not prove by clear and convincing evidence that sustaining its motion for permanent custody was in the best interest of Cameron, as required by R.C. 2151.414. Indeed, appellant contends the magistrate used appellant's failure to appear at the hearing as the most significant evidence in support of the motion.
Permanent custody may be granted to a public children services agency under R.C. 2151.414(B) if the court determines by clear and convincing evidence that (1) it is in the best interest of the child to grant permanent custody, and (2) the child cannot be placed with either parent within a reasonable time or should not be placed with the parents. In re Campbell (June 8, 2000), Franklin App. No. 99AP-986, unreported, citing In re Brofford
(1992), 83 Ohio App.3d 869, 877.
The juvenile court, as trier of fact, is to weigh the testimony and credibility of witnesses. Bechtol v. Bechtol (1990),49 Ohio St.3d 21, 550 N.E.2d 178. In reviewing the juvenile court's judgment, this court must determine from the record whether the trial court had sufficient evidence to satisfy the clear and convincing standard. Clear and convincing evidence requires that the poof "produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." Cross v. Ledford (1954), 161 Ohio St. 469,120 N.E.2d 118, paragraph three of the syllabus; see, also, In reAdoption of Holcomb (1987), 18 Ohio St.3d 361, 481 N.E.2d 613; Inre Campbell, supra.
The trial court was required to consider all relevant factors in determining the best interest of the child, including, but not limited to, the following:
 (1) The interaction and interrelationship of the child with the child's parents, siblings, relatives, foster parents and out-of-home providers, and any other person who may significantly affect the child;
 (2) The wishes of the child, as expressed directly by the child or through the child's guardian ad litem, with due regard for the maturity of the child;
(3) The custodial history of the child;
 (4) The child's need for a legally secure permanent placement and whether that type of placement can be achieved without a grant of permanent custody to the agency[.] R.C. 2151.414(D).
The trial court determined that permanent commitment was in the best interest of the child because "[f]ive of Cameron's eight years of life have been spent in and out of FCCS's temporary care. During the past five years, there were times when his mother was unable to care for him because she was incarcerated. When [appellant] was not incarcerated, she was a crack addict, who failed to acquire independent housing and meet Cameron's basic needs. * * * Further, placement with a relative has been unsuccessful. When Cameron was placed with his grandmother, she was arrested for child endangerment and disorderly conduct." (Decision, p. 7.)
Moreover, the record factually supports the trial court's finding. Appellant has either refused or, due to crack cocaine addiction, been unable to provide any semblance of a stable environment for Cameron, whose cerebral palsy and accompanying medical needs necessitate reliable care. Given the problems with placement, either with appellant or her mother, permanent custody with FCCS was the only means to secure a stable placement for Cameron. Thus, the trial court properly determined by clear and convincing evidence that granting FCCS permanent custody was in the best interest of Cameron.
The second element of R.C. 2151.414(B) applicable here requires that the child cannot be placed with either parent within a reasonable time or should not be placed with the parents. In assessing that factor, R.C. 2151.414(E) requires the trial court to consider all relevant evidence and to find that one of the factors in R.C. 2151.414(E) exists. In re Campbell, supra, citingIn re Williams (1996), 75 Ohio St.3d 95. Here, the trial court determined pursuant to R.C. 2151.414(E)(1) that "[c]lear and convincing evidence supports the fact that Stella Coffman `failed continuously and repeatedly to substantially remedy the conditions causing the child to be placed outside the child's home.'" (Decision, p. 6.)
Clear and convincing evidence demonstrated that appellant repeatedly failed to meet the goals of the case plan, whose objectives were designed to remedy the conditions that caused Cameron to be removed from appellant's care in the first instance. Under the first objective of appellant's case plan, appellant was (1) to refrain from the use or abuse of drugs or alcohol, and (2) not to use physical violence to resolve conflicts with family members. Kellie Rae, the caseworker assigned to Cameron from FCCS, testified that despite efforts from FCCS with recommendations and referrals, appellant did not complete the first objective. Appellant tested positive for barbiturates, marijuana, and cocaine, and failed to complete any treatment programs, despite starting several. Nonetheless, appellant successfully accomplished the physical violence objective.
The second objective of the case plan involved appellant's understanding the importance of Cameron's medical needs. Cameron suffers from cerebral palsy and accompanying seizures; his medication must be administered daily. While under the grandmother's care, Cameron received an overdose of his medicine and was taken to the hospital. Thereafter, appellant was to attend all necessary appointments and follow treatment recommendations. Appellant did not meet the objective, failing to attend Cameron's medical appointments.
The third objective, which refers to Cameron's siblings, is irrelevant to this case. Under the fourth and final objective, appellant was to obtain independent housing, assure that Cameron had his basic needs met on a consistent basis, and visit regularly with Cameron. Again, appellant failed to accomplish the objective. Contrary to the objective, appellant has lived with her mother most of the time, except for a period of time that appellant stayed in a shelter. Moreover, visitation efforts failed. In the beginning, visits were at the home, with some hours on the weekend, until Cameron returned with bruises from an unknown source. Visits then became monitored in the office. In any event, appellant has been inconsistent with the visits: "She'll come to one and then she'll miss several." (Tr. 14.)
The evidence clearly supports the trial court's finding that appellant "failed continuously and repeatedly to substantially remedy the conditions causing [Cameron] to be placed outside the home." R.C. 2151.414(E)(1). Noncompliance with a case plan is grounds for termination of parental rights. In reCampbell, citing In re Brofford, supra, at 878. Accordingly, appellant's first assignment of error is overruled.
Appellant's second assignment of error maintains she was denied due process of law when the matter was not reopened to allow her to testify on her own behalf.
Custody, care, and management of one's own children are fundamental rights. In the Matter of Greene (Nov. 17, 1992), Franklin App. No. 92AP-288, unreported, citing Santosky v. Kramer
(1982), 455 U.S. 745, 753. Due process in connection with those rights requires notice and an opportunity to be heard. Id.
Appellant had adequate notice. Although appellant was not present at the November 30, 1998 continued hearing on FCCS' motion, she was represented by counsel who was fully advised of the rescheduled actual hearing date of February 9, 1999. Moreover, while appellant could not recall whether Kellie Rae told her of the February 9, 1999 hearing, testimony revealed that the social worker did so apprise appellant.
Due process also requires an opportunity to be heard. Here, appellant was represented by counsel throughout the custody proceedings, which, coupled with notice, satisfied her due process right to a hearing. See In re Greene, supra, (holding that appellant's due process right to a hearing was satisfied where she was given sufficient notice and her interests were represented by an attorney, notwithstanding that appellant was not present at the final permanent custody hearing). Indeed, at the commencement of the February 9, 1999 hearing, counsel neither offered an explanation for appellant's absence, nor requested a continuance to attempt to secure her presence. Accordingly, appellant's second assignment of error is overruled.
Having overruled both of appellant's assignments of error, we affirm the judgment of the trial court.
LAZARUS and DESHLER, JJ., concur.