OPINION
{¶ 1} Appellant, Tanna Howser, appeals from the judgment entered by the Ashtabula County Court of Common Pleas, Juvenile Division. The trial court terminated the parental rights of appellant and granted permanent custody to appellee, Ashtabula County Children Services Board.
 {¶ 2} Appellant is Hope Walker's ("Hope") mother. Hope was born on November 1, 1999. She was removed from her home when she was eleven days old.
 {¶ 3} Appellant was fifteen years old when she conceived Hope. Evidence presented at trial indicated that appellant has a moderate level of mental retardation. Dr. Patricia Gillette interviewed appellant on several occasions to complete a psychological report. She also conducted a variety of tests on appellant to determine her mental abilities. Dr. Gillette determined that appellant was functioning at a second-grade level and would not be able to live on her own. Dr. Gillette recommended that appellant not be given custody of Hope.
 {¶ 4} The alleged father of Hope is Johnny Walker. He was twenty-seven years old when Hope as born. There was evidence presented that he was living with appellant's parents, and that appellant's father permitted him to sleep with appellant on New Year's Eve of 1998.
 {¶ 5} In February 2000, appellant was removed from her parents' home by appellee. She was placed with a family friend, Kim Johnson. At the time of the hearing, Kim Johnson was the legal guardian of appellant. Kim Johnson has petitioned the court for custody of Hope and was a party to these proceedings.
 {¶ 6} Hope was placed in a foster-to-adopt home. The foster mother testified that Hope has bonded well to her family.
 {¶ 7} Kim Johnson and appellant's mother, Gaylene Howser, also have appeals pending before this court that are decided today.[1]
Johnny Walker is the alleged father of Hope. He is not a party to any of the current appeals to this court involving this case.
 {¶ 8} Appellant raises two assignments of error on appeal.
 {¶ 9} Appellant's first assignment of error is:
 {¶ 10} "The trial court erred by permitting impermissible hearsay into the permanent custody proceeding in the form of the testimony and written report of Dr. Patricia Gillette."
 {¶ 11} During a dispositional hearing, any relevant evidence, including hearsay, is admissible.[2] However, during the adjudicatory phase, strict adherence to the Rules of Evidence is required.[3]
Finally, we note that "[h]earings to determine whether temporary orders regarding custody should be modified to orders for permanent custody shall be considered dispositional hearings and need not be bifurcated. The Rules of Evidence shall apply in hearings on motions for permanent custody."[4]
 {¶ 12} Evid.R. 703 provides:
 {¶ 13} "The facts or data in the particular case upon which an expert bases an opinion or inference may be those perceived by him or admitted into evidence."
 {¶ 14} In addition, Evid.R. 801(C) provides:
 {¶ 15} "`Hearsay' is a statement other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted."
 {¶ 16} In Dr. Gillette's psychological report, admitted over objection as CSB Exhibit 1, contained a list of the following collateral sources of information used by Dr. Gillette in making her recommendation:
 {¶ 17} "[1.] Clinical Interview on 7/13/00;
 {¶ 18} "[2.] Telephone conversation with Heather Clark on 8/16/00;
 {¶ 19} "[3.] Telephone conversation with Lisa Nelson, Guardian Ad Litem on 10/11/00;
 {¶ 20} "[4.] Review of Conneaut City Police Records of 8/22/97 regarding the rape of Tanna Howser on 8/6/97;
 {¶ 21} "[5.] Review of Ashtabula County Sheriff Department Investigation Report of 8/26/97 regarding the rape of Tanna Howser on 8/6/97;
 {¶ 22} "[6.] Review of Ashtabula County Children Services Interview with Courtney Walker (on 5/10/99) and Timothy Walker (on 11/10/99) concerning the alleged sexual abuse of these children by Johnny Walker and Tanna Howser;
 {¶ 23} "[7.] Review of Riverside Psychiatric Associates records dated 8/26/99 to 9/13/99 from Ellen Jacobs, LISW, for treatment of Timothy Walker from 8/26/99 to 9/13/99 regarding the alleged sexual abuse of Tanna Howser;
 {¶ 24} "[8.] Review of Dr. Robert Kurtz's psychological testing (MMPI-2 Adolescent Form) and clinical interview of Tanna Howser dated 3/8/00;
 {¶ 25} "[9.] Review of Ashtabula High School Academic Records of 99-00 school year."
 {¶ 26} With the exception of events that occurred during the interviews with appellant, there was no evidence presented that Dr. Gillette perceived any of the events contained in these collateral sources. In addition, none of the documents she reviewed were admitted into evidence. Therefore, this evidence should not have been used by Dr. Gillette in issuing her opinion pursuant to Evid.R. 703, and the objections raised should have been sustained.
 {¶ 27} Moreover, all of the above collateral sources contain hearsay statements.
 {¶ 28} The police records are hearsay, as they presumably contain out of court statements from various witnesses. If the statements were orally given to an officer, the officer's transcription would constitute an additional hearsay concern. Finally, appellee did not attempt to introduce the records themselves, rather, evidence contained in the records was presented based on Dr. Gillette's "review" of the records.
 {¶ 29} Any information conveyed to Dr. Gillette during the phone calls is clearly hearsay. The statements were made out of court. One of these calls was to Heather Clark. Dr. Gillette included the following language in her report "Ms. Clark was also exploring the possibility of incest in the family (possibly her brothers or her father). Tanna denied this and defended her parents. Ms. Clark thought Tanna's artwork suggested some possibility of incest."
 {¶ 30} Dr. Gillette also reviewed a report submitted by Dr. Kurtz from an independent evaluation of appellant. This report was hearsay, as it contained out of court statements made by Dr. Kurtz that were derived from statements made by appellant. In her report, Dr. Gillette included the following language regarding Dr. Kurtz conclusions:
 {¶ 31} "[H]e stated `she appeared to be operating at a low level of understanding'. He further stated `it is likely that this will affect her judgment as it pertains to raising an infant. In addition, she showed little judgment in choosing the man who got her pregnant. Based on the clinical interviews and the invalid psychological inventory, this examiner is concerned about her overall mental health and about her potential of a responsible parent.'"
 {¶ 32} Through the report of Dr. Gillette, appellee was permitted to offer this opinion of Dr. Kurtz, who never testified at trial, as to whether appellant was capable of parenting Hope. These particular inadmissible hearsay statements went to the ultimate issue of this case.
 {¶ 33} Perhaps the most problematic hearsay evidence was Dr. Gillette's review of the records regarding the alleged sexual abuse of Johnny Walker's children. There are multiple layers of hearsay in these records. First, there are the statements from the children to the doctor or social worker. Second, there are the statements made from the doctors to the records. Finally, there are the records themselves, again not admitted. The reason we find this hearsay so problematic is due to the prejudice it implied. Unverified hearsay statements were admitted inferring that appellant sexually molested young children. What could be more prejudicial than this inference in a hearing to determine whether an individual's parental rights should be terminated?
 {¶ 34} Appellee claims that Dr. Gillette merely used these collateral sources "to verify facts stated by Tanna." We disagree. Specifically, appellant denied that she ever sexually abused Johnny Walker's children. She also denied that any incest occurred between herself and her father or brothers. There was no admissible evidence before the court that appellant had any inappropriate contact with Johnny Walker's children or that she was a victim of incest.
 {¶ 35} We recognize that there are some hearsay exceptions to the hearsay rules that may have overcome some of the layers of hearsay had the proper foundation been established, for example, the exception allowing statements made for the purposes of medical diagnosis or treatment and the business records exception.[5] However, a foundation for these exceptions was not established.
 {¶ 36} A court of appeals may determine that there was not clear and convincing evidence to justify the termination of parental rights if there is excessive reliance on hearsay evidence by the trial court.[6]
Here, we offer no opinion as to whether there was clear and convincing evidence without the inadmissible hearsay evidence. This is because the evidence of Dr. Gillette was relied upon by the magistrate in making the determination that appellant's parental rights should be terminated. Both the in-court testimony and report of Dr. Gillette were so heavily tainted with hearsay statements that it is impossible to separate the admissible evidence from the excessive hearsay statements. Similarly, the court and magistrate relied on the same facts imparted through this impermissible hearsay.
 {¶ 37} This inappropriate hearsay evidence denied appellant her right to a fair and impartial trial. While the occasional admission of a hearsay statement might be labeled harmless error, we cannot make that determination in this case. Hearsay statements were admitted, over multiple objections, inferring that appellant was involved in felonious criminal conduct; i.e. sexual abuse of Johnny Walker's minor children.
 {¶ 38} Appellant, as a minor mother with a mental handicap, already had the deck stacked against her. The admission of these prejudicial hearsay statements was inherently unfair. Accordingly, we are remanding this case to the trial court.
 {¶ 39} Appellant's first assignment of error has merit.
 {¶ 40} Appellant's second assignment of error is:
 {¶ 41} "Children's services failed to prove by clear and convincing evidence that parental reunification could not occur, and that an award of permanent custody was in the subject child's best interests, and the court therefore erred in awarding permanent custody of the subject child to children's services."
 {¶ 42} Due to our analysis of appellant's first assignment of error, this assignment of error is moot.
 {¶ 43} The judgment of the trial court is reversed. This case is remanded for further proceedings consistent with this opinion.
JUDITH A. CHRISTLEY, J., concurs.
DIANE V. GRENDELL, J., dissents.
[1] In re Hope Walker (Feb. 21, 2003), 11th Dist. No. 2002-A-0087; Inre Walker (Feb. 21, 2003), 11th Dist. No. 2002-A-0090.
[2] In re Baby Girl Baxter (1985), 17 Ohio St.3d 229, 233, citing Juv.R. 34(B)(2).
[3] Id.
[4] Juv.R. 34(I).
[5] See Evid.R. 803(4); Evid.R. 803(6).
[6] In re Yearian (Sept. 27, 1996), 11th Dist. Nos. 95-P-0102 and 95-P-0103, 1996 Ohio App. LEXIS 4208, citing In re Brofford (1992),83 Ohio App.3d 869, 873.