OPINION JUDGMENT ENTRY
{¶ 1} Appellant Barbara Hutzel appeals a judgment of the Court of Common Pleas, Juvenile Division of Tuscarawas County, Ohio, which terminated her parental rights in her children Jesse and Joseph, and gave permanent custody of the two children to the Department of Jobs and Family Services. Appellant assigns two errors to the trial court:
 {¶ 2} "I. There was insufficient relevant, competent and credible evidence for the fact finder to conclude that permanent custody of jesse and joseph hutzel to tcjfs served their best interests.
 {¶ 3} "II. The trial court erred in granting TCJFS' motion for permanent custody as the evidence submitted at trial clearly indicated that the least restrictive dispositional alternative in lieu of permanent custody was a planned permanent living arrangement for both children."
 {¶ 4} The record indicates appellant and Ralph Hutzel are the parents of five children. Jesse, who was born on July 15, 1989 and Joseph, who was born on April 23, 1991, are the two youngest. All five children have at various times in the past been involved with the Tuscarawas County Juvenile Court System because of their behaviors. The appellee has been involved with the family since approximately 1989.
 {¶ 5} Appellant and Ralph Hutzel were married in 1980, separated in 1992, and divorced in 1997. Appellant receives Social Security Disability for depression, anxiety, fibromyalgia, and mitral valve prolapse. Ralph Hutzel consented to appellee taking permanent custody of the children.
 {¶ 6} Appellant was assessed by a clinical therapist, who offered the opinion she had a dependent personality disorder with depressive and obsessive compulsive features. Both children have been found delinquent and have severe significant behavior problems. No one disputed there is a length family history of dysfunctional behaviors. The three middle children were allegedly molested by a family member, and exhibited behavior tending to confirm this.
 {¶ 7} Both boys were on medication in the past to help control their behaviors, but the record indicates appellant admitted she was unable to follow through on the medication directions. Appellant admitted she would sometimes overmedicate her sons to make up for the fact she was not sure the boys had taken their medication for several days. Appellant admitted she was unable to take the children back into her home because of their behavior, but desperately wanted to maintain her relationship with the children through court-ordered visitation.
 {¶ 8} The younger child suffers from ADHD, and has made at least one suicide attempt. He indicated he was fearful of his older brother to the extent that he would not go to sleep before his older brother did. The guardian ad litem advised the court there is intense conflict and violence between the children. At the time of the hearing, the children were both in the same foster home, and the foster parents had expressed an interest in adopting one or both of them, although their behaviors may thwart the effort or even require them to be separated. The foster parents reported the younger child has done very well at home, but not in school. The older child does well in school, but is a behavior problem at home. Jesse admits he has a severe problem with female authority figures, and has expressed a desire to return to his former group home placement. This child has also expressed the desire to live with his mother, even if he has to wait until he is eighteen years old.
 {¶ 9} Appellee has exhausted all available services in the course of its fifteen year involvement with this family.
 {¶ 10} The trial court found there was no evidence before the court that would indicate appellant has any ability to parent their children now or in the future. The court concluded both children cannot and should not be placed with either parent within a reasonable time. The court found despite diligent reasonable efforts by appellee to remedy the problems which caused removal of the children, both parents have failed continually and repeatedly for a period of six months or more to substantially remedy the conditions causing their removal. The court found the parents had demonstrated a lack of commitment towards the children and had failed to provide an adequate home for the children at this time, and could not do so within a year of this litigation.
 {¶ 11} The trial court found, considering all the factors listed in R.C. 2151.414, it was in the best interest of both Joseph and Jesse to be placed in the permanent custody of appellee, until such time as adoptive homes are secured and the children placed.
 I II {¶ 12} Both of these assignments of error are interrelated, so for the purposes of clarity this court will address them both together. Appellant argues there was insufficient evidence for the court to conclude permanent custody of the children serves their best interest, but rather, the least restrictive dispositional alternative in lieu of permanent custody was a planned permanent living arrangement for both children.
 {¶ 13} Mother does not dispute all parties involved are struggling with serious problems, but she urges the evidence before the court regarding the best interest of the children was vague and far from overwhelming. The foster parents would not commit to adoption of either boy at this time, and the older child wished to live with his mother, but she cannot handle him at this time. The guardian ad litem believed the older child was not adoptable, but the younger one is. Different witnesses offered varying testimony regarding whether the younger child wanted to have contact with his mother, or wished to be adopted. The record was not clear the children could continue in the same foster home.
 {¶ 14} Appellant urges the Juvenile Court should have considered a planned permanent living arrangement as a final disposition for these two children, even though appellee requested permanent placement.
 {¶ 15} R.C. 2151.353 sets forth factors a court should consider in determining whether planned permanent living arrangements are appropriate: (1.) The child because of physical, mental, or psychological problems or needs is unable to function in a family-like setting and must remain in residential or institutional care; (2.) The parents of the child have significant physical, mental, or psychological problems, and are unable to care for the child because of those problems, and adoption is not in the best interest of the child pursuant to R.C. 2151.414. Further, the court should consider whether the child maintains a significant positive relationship with a parent or relative. Another factor is if the child is sixteen years old or older, and after being counseled on the permanent placement options available to him, is unwilling to accept or unable to adapt to a permanent placement.
 {¶ 16} Appellee argues the trial court did consider a planned permanent living arrangement for the children, but was not required to make a less restrictive dispositional alternative instead of granting permanent custody to appellee. Appellee also urges none of the statutory subsections weighed in favor of planned permanent living arrangements. The record indicated the children were in a family-like therapeutic foster home, and there was nothing to indicate they should be in residential or institutional care. Regarding the second factor, there is insufficient evidence to demonstrate the children have a significant positive relationship with their mother.
 {¶ 17} Appellant's main concern appears these children are unlikely to be adopted. Appellee responds there is a difference between the children being adoptable and adoption not being in their best interest. There was evidence before the court the children needed permanency, and their relationship with their mother, even in an unsupervised visitation setting, was detrimental to their stability. There was evidence before the court there was a chance of adoption for these children, and the trial court's decision allows appellee to explore it.
 {¶ 18} In determining whether a trial court's judgment granting permanent custody is against the manifest weight of the evidence, this court must determine whether the judgment is supported by competent and credible evidence going to all the essential elements, see, e.g., In Re: Broffort (1992),83 Ohio App.3d 869. Here, the Juvenile Court found by clear and convincing evidence the grant of permanent custody was in the best interest of the children, and the children cannot be placed with either parent, R.C. 2151.414 (D)(E). Our review of the record indicates there was sufficient, competent and credible evidence for the court to conclude by clear and convincing evidence it was in the best interest of both Jesse and Joseph to grant permanent custody to appellee. We further find the trial court did not abuse its discretion in choosing permanent custody over planned permanent living arrangements for the children, so they could be adopted if possible.
 {¶ 19} Both assignments of error are overruled.
 {¶ 20} For the foregoing reasons, the judgment of the Court of Common Pleas, Juvenile Division, of Tuscarawas County, Ohio, is affirmed, and the cause is remanded to that court for further proceedings in accord with law and consistent with this opinion.
Gwin, P.J., Edwards, J., and Boggins, J., concur.
 {¶ 21} For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas, Juvenile Division, of Tuscarawas County, Ohio, is affirmed, and the cause is remanded to that court for further proceedings in accord with law and consistent with this opinion. Costs to appellant.