OPINION
{¶ 1} This is an appeal by Appellant-Mother Robin Wheeler from the March 1, 2005, decision of the Muskingum County Court of Common Pleas, Juvenile Division, overruling her objections to the Magistrate's Decision recommending that minor child Shawna Wheeler be placed into the Planned Permanent Living Arrangement of Muskingum County Children Services.
{¶ 2} Appellee is the State of Ohio.
{¶ 3} This case comes to us on the accelerated calendar. App. R. 11.1, which governs accelerated calendar cases, provides, in pertinent part:
{¶ 4} A(E) Determination and judgment on appeal. The appeal will be determined as provided by App. R. 11.1. It shall be sufficient compliance with App. R. 12(A) for the statement of the reason for the court's decision as to each error to be in brief and conclusionary form. The decision may be by judgment entry in which case it will not be published in any form.@
{¶ 5} This appeal shall be considered in accordance with the aforementioned rule.
 STATEMENT OF THE FACTS AND CASE
{¶ 6} In February, 2002, Shawna Wheeler, d.o.b. 6/29/88, was placed into the temporary custody of Muskingum County Children's Services (MCCS) as a result of truancy charges.
{¶ 7} On February 10, 2004, MCCS filed a Motion to Modify Temporary Custody to Permanent Custody or Alternatively Planned Permanent Living Arrangement with a Request for a Reasonable Efforts Determination.
{¶ 8} On March 23, 2004, and May 4, 2004, a hearing was held on said motion before a magistrate. At the March 23, 2004, hearing, the minor child was interviewed in chambers, with same being recorded. A written report by the guardian ad litem was also filed with the court.
{¶ 9} On May 13, 2004, the Magistrate filed his decision denying the State's Motion for Permanent Custody, recommending instead that Shawna Wheeler be placed in a planned permanent living arrangement (PPLA). On the same day, the trial court adopted the Magistrate's Decision.
{¶ 10} On May 19, 2004, Appellant-Mother filed a written request for a transcript to be prepared at public expense.
{¶ 11} On May 27, 2004, Appellant-Mother Robin Wheeler filed Objections to the Magistrate's Decision, without a transcript.
{¶ 12} On July 13, 2004, the trial court rejected Appellant-Mother's objections.
{¶ 13} On August 4, 2004, Appellant filed a Motion for a Transcript at the State's Expense.
{¶ 14} On August 18, 2004, the trial court granted Appellant-Mother's request for a transcript.
{¶ 15} Appellant appealed that decision and this Court reversed and remanded the matter finding that the trial court erred in not first reviewing the transcript before overruling Appellant's objections to the Magistrate's Decision.
{¶ 16} On March 1, 2005, the trial court, after reviewing the transcript, rejected Appellant's Objections to the Magistrate's Decision.
{¶ 17} It is from this decision that Appellant now appeals, assigning the following errors for review:
 ASSIGNMENTS OF ERROR ASSIGNMENT OF ERROR I
{¶ 18} "THE MUSKINGUM COUNTY CHILDREN'S SERVICES AGENCY FAILED TO SHOW BY CLEAR AND CONVINCING EVIDENCE THAT THE MOTHER FAILED TO MAINTAIN A DRUG FREE HOME FOR ANY SIGNIFICANT PERIOD OF TIME WHEN IN FACT THE MOTHER HAS MAINTAINED A DRUG FREE HOME FOR A SIGNIFICANT PERIOD OF TIME.
{¶ 19} "THE MAGISTRATE FURTHER ERRED BY FINDING THAT THE MOTHER REPEATEDLY RELAPSED IN HER DRUG REHABILITATION PROGRAM WHEN THE EVIDENCE WAS THAT THE MOTHER ONLY HAD TWO ISOLATED RELAPSES IN HER RECOVERY, APPROXIMATELY SIXTEEN MONTHS APART, WHICH WERE TO BE EXPECTED FOR A PERSON UNDERGOING DRUG REHABILITATION.
{¶ 20} "THE MAGISTRATE INCORRECTLY HELD THAT THE MOTHER FAILED TO SUCCESSFULLY COMPLETE HER FOLLOW-UP AFTERCARE COUNSELING WHEN SHE HAS ONE FULL CALENDAR YEAR TO COMPLETE A TWELVE WEEK AFTERCARE PROGRAM AS PROVIDED FOR BY R.C. 2951.414(E)(2). THE MAGISTRATE FAILED TO MAKE A FINDING OF FACT THAT THE MOTHER SIGNED A CONTRACT TO COMPLETE AN AFTERCARE PROGRAM.
{¶ 21} "THE MAGISTRATE ERRED BY HOLDING THAT THE MOTHER'S DRUG ABUSE WAS THE REASON THAT THE CHILD WAS PLACED OUTSIDE THE MOTHER'S HOME. THE EVIDENCE AND COURT RECORD DEMONSTRATES THAT THE CHILD WAS REMOVED FROM THE MOTHER'S HOME DUE TO THE CHILD'S TRUANCY, NOT THE MOTHER'S SUBSTANCE ABUSE DISEASE. THE CHILD'S TRUANCY HAS ONLY INCREASED SINCE THE CHILD WAS REMOVED FROM THE MOTHER'S HOME.
{¶ 22} "THE MAGISTRATE ERRED IN ORDERING SHAWNA WHEELER PLACED IN A PLANNED PERMANENT LIVING ARRANGEMENT, WHICH ORDER WAS NOT SUPPORTED BY THE EVIDENCE ADDUCED AT TRIAL AND WHICH EVIDENCE DID NOT SATISFY THE STATUTORY REQUIREMENTS AND CONDITIONS THAT ALLOW A DISPOSITIONAL ORDER OF PLANNED PERMANENT LIVING ARRANGEMENT.
{¶ 23} "THE MAGISTRATE CONSEQUENTLY ERRED WHEN ORDERING THAT SHAWNA WHEELER BE COMMITTED TO A PLANNED PERMANENT LIVING ARRANGEMENT. THE MUSKINGUM CHILDRENS [SIC] SERVICES AGENCY DID NOT PROVE BY CLEAR AND CONVINCING EVIDENCE THAT IT MADE REASONABLE EFFORTS TO REUNIFY THE MOTHER AND SHAWNA WHEELER. THE MUSKINGUM CHILDREN'S SERVICES AGENCY FAILED TO MAKE A REASONABLE EFFORT TO ASSIST THE MOTHER IN COMPLETING HER AFTERCARE PROGRAM."
 ASSIGNMENT OF ERROR II
{¶ 24} "THE MAGISTRATE INCORRECTLY PLACED BLAME ON THE MOTHER FOR THE FATHER'S UNWILLINGNESS TO COOPERATE WITH CHILDREN'S SERVICES. BY SO DOING, THE MAGISTRATE INCORRECTLY FAILED TO EXAMINE SEPARATELY THE UNSUITABILITY OF EACH PARENT SEPARATELY INSTEAD CONDEMNING THE MOTHER FOR THE SINS OF A PARTY OVER WHOM SHE HAS NO EARTHLY CONTROL.
{¶ 25} "THE MAGISTRATE INCORRECTLY PUT THE BURDEN OF PROOF UPON THE MOTHER TO "PROVIDE A VERIFIABLE DRUG FREE HOME FOR SHAWNA" WHEN THE MOTHER IS UNDER NO OBLIGATION TO PROVE ANYTHING AS THE BURDEN OF PROOF IS UPON THE STATE OF OHIO AND THE MUSKINGUM COUNTY CHILDRENS [SIC] SERVICES AGENCY."
{¶ 26} As a preliminary matter, we will set forth a statement of the applicable law.
{¶ 27} R.C. § 2151.353 sets forth factors a court should consider in determining whether planned permanent living arrangements are appropriate:
{¶ 28} "(A) If a child is adjudicated an abused, neglected, or dependent child, the court may make any of the following orders of disposition:
{¶ 29} * * *
{¶ 30} "(5) Place the child in a planned permanent living arrangement with a public children services agency or private child placing agency, if a public children services agency or private child placing agency requests the court to place the child in a planned permanent living arrangement and if the court finds, by clear and convincing evidence, that a planned permanent living arrangement is in the best interest of the child and that one of the following exists:
{¶ 31} "(a) The child, because of physical, mental, or psychological problems or needs, is unable to function in a family-like setting and must remain in residential or institutional care.
{¶ 32} "(b) The parents of the child have significant physical, mental, or psychological problems and are unable to care for the child because of those problems, adoption is not in the best interest of the child, as determined in accordance with division (D) of section 2151.414
of the Revised Code, and the child retains a significant and positive relationship with a parent or relative.
{¶ 33} "(c) The child is sixteen years of age or older, has been counseled on the permanent placement options available to the child, is unwilling to accept or unable to adapt to a permanent placement, and is in an agency program preparing the child for independent living."
{¶ 34} In determining the best interest of the children, R.C. §2151.414(D) provides: the court must consider all relevant factors, including, but not limited to, the following:
{¶ 35} "(1) The interaction and interrelationship of the child and his parents, siblings, relatives, foster parents and out-of-home providers, any other person who may significantly effect the child;
{¶ 36} "(2) The wishes of the child, as expressed directly or indirectly by the child or through his guardian ad litem, with due regard for the maturity of the child;
{¶ 37} "(3) The custodial history of the child, including whether the child has been in the temporary custody of one or more public children services agencies or private child placing agencies for twelve or more months of a consecutive twenty-two month period ending on or after March 18, 1999;
{¶ 38} "(4) The child's need for a legally secure permanent placement and whether that type of placement can be achieved without a grant of permanent custody to the Agency."
{¶ 39} "(5)Whether any of the factors in divisions (E)(7) to (11) of this section apply in relation to the parents and child.
 I.
{¶ 40} In her first assignment of error, Appellant contends the Magistrate's decision was against the manifest weight of the evidence. We disagree.
{¶ 41} In determining whether a trial court's judgment granting of a motion for a planned permanent living arrangement is against the manifest weight of the evidence, this court must determine whether the judgment is supported by competent and credible evidence going to all the essential elements, see, e.g., In Re: Broffort (1992), 83 Ohio App.3d 869,615 N.E.2d 1120.
{¶ 42} As an appellate court, we neither weigh the evidence nor judge the credibility of the witnesses. Our role is to determine whether there is relevant, competent and credible evidence upon which the fact finder could base its judgment. Cross Truck v. Jeffries (February 10, 1982), Stark App. No. CA-5758. Accordingly, judgments supported by some competent, credible evidence going to all the essential elements of the case will not be reversed as being against the manifest weight of the evidence. C.E. Morris Co. v. Foley Constr. (1978), 54 Ohio St.2d 279,376 N.E.2d 578.
{¶ 43} In the instant case, the magistrate heard testimony concerning the child's custodial history. This testimony included the fact that the child had been in the custody of Muskingum County Children's Services Agency since February 15, 2002, more than 12 of the last 22 months.
{¶ 44} The magistrate also found by clear and convincing evidence that placement in a planned permanent living arrangement was in the best interest of the child, and that the child cannot be placed with either parent, R.C. 2151.414(D)(E). Our review of the record indicates there was sufficient, competent and credible evidence for the court to conclude by clear and convincing evidence it was in the best interest of Shawna to be placed in a PPLA.
{¶ 45} The guardian ad litem, in his written report, stated that Appellant "would not be in the best position to care for Shawna Wheeler." The guardian ad litem's recommendation was for a grant of permanent custody to MCCS with an eventual adoption by the Myers. The guardian ad litem further stated that Shawna has expressed a desire to remain at the placement with Jeff and Diana Myers.
{¶ 46} The magistrate, however, found that Shawna did still want to continue her relationship with her mother, even though she recognizes that she is better off with her foster parents. The court therefore found that Shawna retains a significant and positive relationship with her mother that should not be completely severed.
{¶ 47} The trial court also found that Shawna could not be placed with either parent within a reasonable time. The court based this decision, inter alia, on the fact that Appellant is still struggling with a drug addiction, having had a number of relapses, the last having been only about one month before the permanent custody hearing. Testimony was also presented that Shawna's father has a drug problem that is not being treated. Additionally, the magistrate heard testimony that Appellant has failed to complete her case plan. During the time that Shawna has been in the temporary custody of MCCS, there have been nine case plans or amendments to such case plans.
{¶ 48} Upon review of the evidence presented, we cannot say that the trial court's conclusion that it was in the child's best interest to be placed in a PPLA was against the manifest weight of the evidence. There was relevant, competent and credible evidence upon which the trial court could base its judgment.
{¶ 49} Appellant's first assignment of error is overruled.
 II.
{¶ 50} In her second assignment of error Appellant argues that the Magistrate erred in failing to independently and individually review the suitability of each of the parents. Appellant also argues that the Magistrate incorrectly placed the burden of proof on her to provide a verifiable drug free home. We disagree.
{¶ 51} Upon review of the Magistrate's Decision, we find that there was testimony by the initial caseworker, Laurie Cunningham also testified that George Wheeler was required to attend parent support group and participate in family counseling but failed to attend same. (May 4, 2004, T. at 27-28). Caseworker Cathy Loucks also testified that Mr. Wheeler had not complied with any part of his case plan. (Id. at 59). She further testified that to her knowledge, he was still residing in the home with Robin Wheeler but that she had made eight visits to the home and had never met him. (Id. at 56, 62-63). In addition, Mr. Wheeler's mother testified that he has problems that remain un-remedied. (Id. at 169). Robin Wheeler testified that Mr. Wheeler was not attending any counseling for his drug problems. (Id. at 213).
{¶ 52} We do not find any evidence, nor has Appellant presented any evidence, that the trial court placed the burden upon her to verify that she could provide a drug free home to Shawna. Evidence was presented that Appellant had relapsed as many as five times during the time Shawna was in temporary custody.
{¶ 53} Appellant's second assignment of error is overruled.
{¶ 54} The decision of the Muskingum County Court of Common Pleas, Juvenile Division is affirmed.
Boggins, P.J., Wise, J. and Edwards, J. concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Court of Common Pleas of Muskingum County, Juvenile Division, Muskingum County, Ohio, is affirmed. Costs assessed to Appellant.