OPINION
{¶ 1} Appellant, A.R., father of minor children N.R. and A.R., appeals the decision of the Butler County Court of Common Pleas, Juvenile Division, terminating his parental rights to the two children.
 {¶ 2} Butler County Department of Jobs and Family Services ("the agency") received temporary custody of the two boys on April 18, 2005, after police removed the children from *Page 2 
their parents' home and an overnight relative placement failed.
 {¶ 3} The record indicates that the children were removed after police found the children unsupervised outside of the house.[1] At the time of removal, the children were three years and 22 months of age, respectively. Police discovered appellant asleep on the couch; the mother of the children, L.R., was in jail. The condition of the home was described as "disgusting" or "deplorable." The children were reportedly "filthy." They had open sores on their heads and had to have their heads shaved due to lice infestation.
 {¶ 4} The children were eventually adjudicated neglected and dependent children. The agency filed a motion for permanent custody in March 2007, and the matter was set for hearing. A juvenile court magistrate granted the agency permanent custody of both boys and the juvenile court adopted the magistrate's decision after overruling objections.
 {¶ 5} Appellant now appeals the juvenile court's decision. Appellant's two assignments of error set forth related issues and, therefore, we will combine the assignments for purposes of our discussion.[2]
 {¶ 6} Assignment of Error No. 1:
 {¶ 7} "THE COURT ERRED AND ABUSED ITS DISCRETION WHEN IT FOUND THAT THE BOYS COULD NOT BE PLACED WITH THEIR FATHER WITHIN A REASONABLE TIME AND WHEN IT FOUND THAT PERMANENT CUSTODY TERMINATING THE PARENTAL RIGHTS OF THE FATHER WAS APPROPRIATE AND IN THE CHILDREN'S BEST INTEREST."
 {¶ 8} Assignment of Error No. 2:
 {¶ 9} "THE COURT'S DECISION AND ORDER OF PERMANENT CUSTODY WAS *Page 3 
AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE, THERE WAS INSUFFICIENT EVIDENCE TO SUPPORT THE TRIAL COURT'S FINDINGS AND THE EVIDENCE PRESENTED FAILED TO MEET THE REQUISITE CLEAR AND CONVINCING STANDARD."
 {¶ 10} R.C. 2151.414(B)(1) establishes the test for a juvenile court to apply in ruling on a motion by a public children services agency for permanent custody of a child. In re Schaefer, 111 Ohio St.3d 498, 502,2006-Ohio-5513, ¶ 31; In re C.E., Butler App. Nos. CA2006-01-015, CA2006-02-024, 2006-Ohio-4827, ¶ 22.
 {¶ 11} The juvenile court may award permanent custody to an agency if it finds by clear and convincing evidence that: 1) the grant of permanent custody to the agency is in the best interest of the child, utilizing, in part, the factors of R.C. 2151.414(D); and, 2) any of the following apply: the child cannot be placed with either parent within a reasonable time or should not be placed with either parent; the child is abandoned; the child is orphaned; or the child has been in the temporary custody of the agency for at least 12 months of a consecutive 22-month period. R.C. 2151.414(B)(1)(a), (b), (c) and (d); In re Schaefer, at ¶ 32-36.
 {¶ 12} An appellate court's review of a trial court's decision finding clear and convincing evidence is limited to whether there is competent credible evidence in the record supporting the trial court's determination. In re Starkey, 150 Ohio App.3d 612, 2002-Ohio-6892, ¶ 16. A reviewing court will reverse a finding by the trial court that the evidence was clear and convincing only if there is a sufficient conflict in the evidence presented. In re Rodgers (2000),138 Ohio App.3d 510, 519-520; In re C.E. at ¶ 28.
 {¶ 13} We note that the juvenile court provided the parties a detailed analysis of the *Page 4 
facts and law of this case. The juvenile court made some findings that specifically pertain to the children's mother.[3] While we have reviewed and considered those findings, we will discuss the issues raised by and applicable to appellant.
 {¶ 14} The juvenile court first found that placing the two children in the permanent custody of the agency was in the children's best interest. See R.C. 2151.414(B)(1).
 {¶ 15} R.C. 2151.414(D) provides that in considering the best interest of a child in a permanent custody hearing, the court shall consider all relevant factors, including, but not limited to: the interaction and interrelationship of the child with the child's parents, relatives, and foster caregivers; the wishes of the child expressed directly or through the child's guardian ad litem ("GAL"); the custodial history of the child, including whether the child has been in the temporary custody of one or more public children services agencies for 12 or more months of a consecutive 22-month period; the child's need for a legally secure permanent placement and whether that type of placement can be achieved without a grant of permanent custody to the agency; and whether any of the factors in divisions (E)(7) to (11) of this section apply in relation to the parents and child.
 {¶ 16} The juvenile court acknowledged that the children have a bond with their parents as exhibited by the visits that took place. The juvenile court found that the children had also formed a bond with the foster family. The juvenile court observed that the number of scheduled visits attended by the parents was sporadic. The juvenile court also found that the parents failed to visit with the children at all after a visit in December 9, 2006 until they appeared in April 2007, requesting another visit. Appellant resumed visits with his children the same month as the permanent custody hearing. See R.C. 2151.414(D)(1).
 {¶ 17} The children's guardian ad litem submitted a timely written report in which she *Page 5 
recommended that the agency receive permanent custody of both children. See R.C. 2151.414(D)(2).
 {¶ 18} The juvenile court also found that the children were in the temporary custody of the agency for 12 or more months of a consecutive 22-month period. See R.C. 2151.414(D)(3). The record indicates that 60 days from the date the children were removed from the home was June 2005, the motion for permanent custody was filed March 2007, and the children were in the temporary custody of that agency that entire term. See R.C. 2151.414(D); In re T.B., Summit App. No. 21124, 2002-Ohio-5036, ¶ 23.
 {¶ 19} The trial court found that the children were in need of a legally secure permanent placement and that this placement could not be achieved without a grant of permanent custody to the agency. See R.C.2151.414(D)(4).
 {¶ 20} Specifically, the juvenile court noted that the children were neglected by their parents and neither parent took any "immediate or consistent action to rectify the situation." The juvenile court found that appellant failed to complete the case plan services of substance abuse treatment and stable housing.
 {¶ 21} Appellant testified that he could meet his children's needs in the future as he planned to obtain housing and new employment, to reinstate his driver's license, and to secure child care, the latter of which he hoped involved utilizing the children's mother as caregiver.
 {¶ 22} The juvenile court found that appellant became more involved with the case plan services later in the case, but it could not justify granting appellant's request for more time to complete the case plan because the children have "languished" in foster care for more than two years. It found not credible appellant's excuses for not participating in *Page 6 
services.
 {¶ 23} The juvenile court also observed that both parents had not visited with the children for more than 90 days during the pendency of this case, and thereby, made the finding that the parents abandoned the children. See R.C. 2151.414(D)(5); R.C. 2151.414(E)(10). We will further address this finding when we discuss the juvenile court's findings as to the second part of the permanent custody determination.
 {¶ 24} The juvenile court found by clear and convincing evidence that a grant of permanent custody to the agency was in the children's best interest. The record contains sufficient credible evidence to support this finding.
 {¶ 25} After making the best interest determination, the juvenile court found by clear and convincing evidence that permanent custody was appropriate under the alternative determinations that the children were abandoned, that the children had been in the temporary custody of the agency for 12 or more months of a consecutive 22-month period, and that the children cannot and should not be placed with the mother or father within a reasonable time.
 {¶ 26} Pertaining to the abandonment finding, R.C. 2151.011(C) states that a child shall be presumed abandoned when the parents of the child have failed to visit or maintain contact with the child for more than 90 days, regardless of whether the parents resume contact with the child after that period of 90 days.
 {¶ 27} We note that appellant did not specifically argue any of the juvenile court's findings in regard to whether the parents abandoned the children. Appellant testified that transportation problems prohibited him from visiting his children. There was testimony from a caseworker that she believed the parents made phone calls to the foster home. However, appellant did not indicate in his testimony that he contacted the children during the time he did not visit them. We cannot say that appellant rebutted the presumption that the children *Page 7 
were abandoned. See In re B.C.M., Lorain App. No. 05CA0001,2005-Ohio-1818, ¶ 8.
 {¶ 28} We turn next to the juvenile court's determination regarding the length of time in temporary custody and whether the children could or should be placed with appellant within a reasonable time.
 {¶ 29} We have already stated that the record supports the finding that these children had been in the temporary custody of the agency for 12 or more months of a consecutive 22-month period when the motion for permanent custody was filed.
 {¶ 30} When a child has been in the temporary custody of the agency for 12 or more months of a consecutive 22-month period, a juvenile court may award permanent custody without the need to determine whether a child can be placed with a parent within a reasonable time. See, generally, In re C.W., 104 Ohio St.3d 163, 167, 2004-Ohio-6411.
 {¶ 31} Nevertheless, the trial court considered the issue and found that A. R. and N.R. could not be placed with appellant within a reasonable time and should not be placed with him. See R.C.2151.414(E)(1)-(16).
 {¶ 32} Appellant argues that the record does not support the juvenile court's determination that he failed to remedy all of the conditions that caused the removal of the children. See R.C. 2151.414(E)(1). Appellant contends that his failure to secure substance abuse treatment should not be a factor because no expert testified that he needed such treatment.
 {¶ 33} The case plan adopted as an order of the juvenile court required appellant to undergo a substance abuse assessment and follow the recommendations thereof. Appellant acknowledged that after several months he eventually completed a substance abuse assessment. After the assessment, appellant testified that he received letters from a substance abuse treatment facility, indicating that he should pursue certain levels of treatment. If appellant believed it was error to require him to participate in substance abuse *Page 8 
treatment, he should have raised that claim during the many months this case was pending.
 {¶ 34} The juvenile court noted that delays by the parents in pursuing developmental living skills training, and the failure to maintain stable housing, as well as the substance abuse treatment, were examples of the parents' failure to substantially remedy conditions causing the children to be placed outside the home, despite reasonable case planning and diligent efforts by the agency.
 {¶ 35} Noncompliance with a case plan is a consideration for the termination of parental rights. See In re Brofford (1992),83 Ohio App.3d 869, 878; In re M.L.J., Franklin App. No. 04AP-152,2004-Ohio-4358; see In re N.W., Franklin App. Nos. 07AP-590, 07AP-591,2008-Ohio-297, ¶ 34-36 (stable housing and employment are "core foundations for providing a secure environment to allow children to grow and prosper").
 {¶ 36} Accordingly, we have reviewed the record and find competent, credible evidence supports the juvenile court's findings on both aspects of the permanent custody determination. The juvenile court did not err in placing the two children in the permanent custody of the agency. Appellant's first and second assignments of error are overruled.
 {¶ 37} Judgment affirmed.
BRESSLER and YOUNG, JJ., concur.
[1] The record shows that one child was found outside and the other child was seen "going in and out of the house."
[2] Appellant indicated that he and his wife, L.R., who is the mother of these two children, are separated, but working on reconciliation. L.R. did not appear at the permanent custody hearing and did not appeal the decision to terminate her parental rights.
[3] For example, the juvenile court made a finding that the mother of these children had her parental rights involuntarily terminated with respect to a sibling of these children. *Page 1